## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No. ___O8-2825-white___

UNITED STATES OF AMERICA

vs.

DIEUMENE FENELUS

Defendant.

_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ____ Yes  _X_ No
      If yes, was it pending in the Central Region?
      ___ Yes ____ No

2.    Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 2003?  ____ Yes  _X_ No

3.    Did this matter originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003?  ____ Yes _X_ No

4.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____ Yes  _X_ No

5.    Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ____ Yes  _X_ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY:  _____
     DEREK BENTSEN
     ASSISTANT UNITED STATES ATTORNEY
     Court Number A5501211
     99 N. E. 4th Street
     Miami, Florida  33132-2111
     TEL (305) 961-9429
     FAX (305) 536-4699

# United States District Court

| SOUTHERN | DISTRICT OF | FLORIDA |

UNITED STATES OF AMERICA

v.

**CRIMINAL COMPLAINT**

DIEUMENE FENELUS,

**Defendant.**
_____/

CASE NUMBER: 08-2825- White

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 26, 2004, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant, DIEUMENE FENELUS, did willfully and knowingly make a false statement in an application for passport with intent to induce and secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, in violation of Title 18, United States Code, Section 1542.

I further state that I am a Special Agent with the United States Department of State, Bureau of Diplomatic Security Service and that this Complaint is based on the facts set forth in the attached affidavit.

**SEE ATTACHED AFFIDAVIT**

ADAM DULIN, SPECIAL AGENT
UNITED STATES DEPARTMENT OF STATE
BUREAU OF DIPLOMATIC SECURITY SERVICE

Sworn to before me, and subscribed in my presence,

__June 20, 2008_____          at    __Miami, Florida_____
Date                                                            City and State

PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT

Your affiant, Adam Dulin, having been duly sworn, hereby deposes and states:

1. I am a Special Agent of the U.S. Department of State, Bureau of Diplomatic Security (hereinafter "DS") and have been so employed since October 2006. Currently I conduct investigations into criminal violations of the laws related to U.S. passports, U.S. visas, and other travel documents used to transit international borders.

2. I make this affidavit based upon my personal knowledge and investigation, as well as investigation from other criminal investigators (hereinafter "agents"). Because this affidavit is submitted for the limited purpose of establishing probable cause it does not include every fact known by me in connection with this investigation.

3. On January 26, 2004, an individual purporting to be DIEUMENE FENELUS (hereinafter referred to as "Subject") executed a form DS-11, Application for a U.S. Passport bearing application number 047230963, on behalf of a minor purporting to be "Jethro Joseph," in Palm Beach Gardens, Florida. Subject signed the passport application, swearing to its veracity and, purporting to be the applicant's legal guardian, was the only person to sign the application. In order to verify her identity, Subject presented a Florida driver license bearing number FXXXXXXXXX680.

4. As the minor was born on August 4, 1993, and under the age of 14 at the time the application was submitted, Subject also signed the application in the section reserved for the applicant's signature with the name "Jethro Joseph/by mother." Subsequent to the submission of the passport application, correspondence was sent to the address provided by Subject indicating that the minor represented as Jethro Joseph was not present during the time the application was submitted and also indicating that further verification was needed to determine that the minor was in fact Jethro Joseph. The necessary steps were not undertaken.

1

5. On June 19, 2008, Subject arrived at the Miami Passport Agency in Miami, Florida in order to execute a passport application for her minor son purporting to be "Jetrho Joseph" (spelling as indicated on minor's birth certificate), born August 4, 1993. During routine records checks conducted at the Passport Agency, it was concluded, based on examination of the photos in previous applications (both the 2004 application and a passport application executed for Jethro Joseph in 1996), as well as other indicators, that the minor represented by the Subject as Jethro Joseph on the 2004 application may have been falsely represented as the Subject's child.

6. Your Affiant, accompanied by another agent, was notified by the passport agency of the possible discrepancy and invited the Subject to an interview room to gather further information.

7. In order to determine if the minor on the 2004 application was Jethro Joseph, the Subject was shown the photo of the minor with the identifying information hidden from view. The Subject informed the agents that she did not recognize the minor. However, the Subject was able to identify the photo from the 1996 application as her son Jethro. The Subject was also asked about the mailing address on the application, 5034 Norma Elaine Rd, Apt 5034, West Palm Beach, Florida, she informed the agents that she formerly resided at that address.

8. The Subject was invited to give an explanation for the 2004 application in her son's identity. The Subject explained to the agents that she was trying to help out a sick friend, whose child was still in Haiti. To that end, the Subject explained that she allowed her son Jethro's identity to be used on the 2004 passport application so the minor could enter the United States. The Subject also informed the agents that she was the individual who signed the 2004 application.

2

9.  Based on the above facts and circumstances, Your Affiant affirms there is probable cause to

believe that on January 26, 2004, in the Southern District of Florida, DIEUMENE FENELUS

did willfully and knowingly make a false statement in an application for a U.S. passport, that

is, falsely signed as the parent and legal guardian of a minor, in violation of Title 18, United

States Code, Section 1542.

AFFIANT FURTHER SAYETH NOT.

ADAM DULIN
SPECIAL AGENT
U.S. DEPARTMENT OF STATE

Sworn to and subscribed before me
This 20th day of June, 2007

PATRICK A. WHITE
UNITES STATES MAGISTRATE JUDGE

3